**CITY OF ERIE, A Municipal Corporation**

v.

**LeRoy FREITUS, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted May 14, 1996.

Decided Aug. 9, 1996.

---

David G. Ridge, Erie, for Appellant.

Gerald J. Villella, Deputy Solicitor, for Appellee.

Before DOYLE and SMITH, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Leroy Freitus appeals an order of the Court of Common Pleas of Erie County which ordered Freitus to pay $14,000.00 in fines based upon his operation of an unlawful scrap yard in violation of Article 2, Section 204.13 of the City of Erie's Zoning Ordinance.

Following an investigation of Freitus's use of property located at 136 West 26th Street in Erie, on February 12, 1993, the Erie zoning officer sent a "Notice of Zoning Violation" to Freitus because he was operating a scrap yard in violation of the City's Zoning Ordinance. Thereafter, on November 11, 1993, the City filed a complaint with a district justice who, following a hearing held on February 18, 1994, determined that Freitus was in violation of the Zoning Ordinance and entered judgment against him in the amount of $500.00 plus costs. Freitus did not appeal the judgment of the district justice to the zoning hearing board, but rather appealed the judgment directly to the court of common pleas. After visiting the site, by an order dated May 24, 1995, the court affirmed the district justice's determination of violation and assessed a civil penalty of $100.00 per day commencing April 25, 1995 and continuing until Freitus brought the site into compliance with the Zoning Ordinance.

Thereafter, on September 11, 1995, the court again viewed the property, found the same zoning violations, and, therefore, concluded that Freitus violated the court's May 24, 1995 order. By an order dated September 13, 1995, the court entered judgment in favor of the City in the amount of $14,000.00

($100.00 per day from April 25, 1994 to September 13, 1995).

■ On October 11, 1995, Freitus filed a written "Motion for Reconsideration" of the court's September 13, 1995 order on the basis that he had complied with an oral directive of the court, issued during the court's viewing of the site on April 25, 1995, directing that Freitus have two trucks inspected, compile a list of automobile parts, and have additional refuse hauled from the premises. Freitus's motion was not acted upon by the trial court, and, hence, was denied. *See* Pa. R.A.P. 1701. Upon praecipe, the prothonotary entered judgment against Freitus in the amount of $14,000.00. The instant appeal followed.

Initially, we note that in order to commence zoning enforcement proceedings, a municipality must send an enforcement notice which satisfies the specific requirements set forth in Section 616.1 of the Pennsylvania Municipalities Planning Code (MPC).[1] A municipality's failure to comply with Section 616.1 precludes it from seeking penalties under Section 617.2 of the MPC.[2] *Township of Maidencreek v. Stutzman*, 164 Pa.Cmwlth. 207, 642 A.2d 600 (1994).

■ Once a landowner has been given notice of a zoning violation pursuant to Section 616.1, that landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board and cannot merely defend the charge when the municipality seeks ordinance violation fines before a district justice. *Johnston v. Upper Macungie Township*, 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994). In *Johnston*, we explained that zoning hearing boards have exclusive jurisdiction over ordinance violation determinations, and, therefore, a landowner's failure to appeal a Section 616.1 zoning violation notice to the zoning hearing board is fatal and results in a conclusive determination of guilt for which a district justice may impose sanctions under Section 617.2 of the MPC. For this reason, we held that a district justice may not conduct a *de novo* review of the merits of a violation notice where the landowner *has not first gone to the zoning hearing board;* rather, in that situation, upon the municipality's showing that no appeal was taken to the zoning hearing board by the landowner, a district justice is limited to imposing a fine pursuant to Section 617.2 of the MPC.[3]

1. Section 616.1 of the MCP, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10616.1. Section 616.1(c) of the MPC provides:

   (c) An enforcement notice shall state at least the following:
   (1) The name of the owner of record and any other person against whom the municipality intends to take action.
   (2) The location of the property in violation.
   (3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.
   (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.
   (5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.
   (6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.
   53 P.S. § 10616.1(c).

2. Section 617.2 of the MPC provides:

3. In *Johnston*, we specifically stated:

   (a) Any person ... who ... has violated or permitted the violation of the provisions of any zoning ordinance under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed ... until the date of the determination of a violation by the district justice. If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure. Each day that a violation continues shall constitute a separate violation....
   53 P.S. § 10617.2.

   [A] district justice's role in the enforcement proceeding is (1) to accept evidence that a landowner violated the ordinance based on the decision not to appeal a notice of violation ordinance—a fact then binding on the district justice—and (2) upon reviewing such evidence, to impose a fine as permitted by section 617.2(a).... [A] district justice may accept evidence relating to a landowner's assertion

Applying the above legal framework to the instant case, we find that Freitus did not appeal the City's Section 616.1 violation notice to the zoning hearing board, and, therefore, the district justice and the court of common pleas should not have conducted a *de novo* review of the **violation** question. Rather, Freitus's failure to appeal to the zoning hearing board rendered the violation notice unassailable and thereby limited the court's inquiry to the assessment of **penalties** under Section 617.2 of the MPC. Notwithstanding the incorrect procedure in this case, both the district justice and the court of common pleas concluded that Freitus was indeed in violation of the City's Zoning Ordinance and, therefore, the errors below with regard to the violation issue are harmless.

We now turn to the merits of Freitus's appeal. He argues that the court of common pleas abused its discretion in imposing a fine of $100.00 per day for a 140 day period because the court failed to consider that Freitus substantially complied with an alleged **oral** "order" of the court "issued" on April 25, 1995 when the trial judge inspected the property with both parties present. Significantly, Freitus does not argue that the court's finding of continuing violation of the *Zoning Ordinance* is erroneous.

Section 617.2 authorizes a fine up to $500.00 per day for each day that *zoning violations* continue. As such, in assessing the fine, the determinative factor is whether Freitus has complied with the *Zoning Ordinance;* whether he has complied with an alleged oral directive of the court is simply not relevant to the amount of penalty assessed.

In the instant case, the court of common pleas specifically found that the zoning violations continued and, because Freitus has not produced any evidence on appeal to attack such a finding, we hold that the court of common pleas did not abuse its discretion in

assessing a $100.00 a day fine for a period of 140 days.

Order affirmed.

### ORDER

NOW, August 9, 1996, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby affirmed.

---

that he had a good faith belief that he had not violated a zoning ordinance. However, that provision does not affect the fact that the landowner violated the ordinance (confirmed by his failure to appeal to the zoning hearing board); that provision only relates to the district justice's power to impose sanctions, once the violation is established.

*Johnston,* 638 A.2d at 412.