MOON TOWNSHIP, Appellant,

v.

Tony CAMMEL, Ronald Cammel, and Eltoron, Inc. d/b/a Fantasy's Showbar.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Jan. 3, 1997.

Reargument Denied Feb. 19, 1997.

Robert E. Durrant, Pittsburgh, for appellant.

Michael F. Santicola, Pittsburgh, for appellees.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Moon Township (Township) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining Tony Cammel, Ronald Cammel, and Eltoron, Inc. d/b/a Fantasy's Showbar (collectively, Fantasy) preliminary objection to the Township's complaint in equity requesting preliminary and permanent injunctions.

Prior to October of 1995, Fantasy operated a bar which offered liquor for sale and was regulated by the Pennsylvania Liquor Control Board (LCB). At that time, Fantasy featured female dancers performing clothed only in "g-strings" and "pasties." In October of 1995, Fantasy changed its operation to an

all-nude dance bar, put its liquor license in escrow so as to no longer be under control of the LCB, and began offering beer free rather than for sale.

On October 30, 1995, pursuant to Section 616.1 of the Municipalities Planning Code (MPC),[1] the Township sent to Fantasy a notice of zoning violation stating that because of Fantasy's change in its operation, its use had changed from a lawful, preexisting non-conforming use to a more non-conforming use without approval of the Moon Township Zoning Hearing Board (Board). Because it was purportedly more non-conforming, Fantasy was required to obtain an occupancy permit for the new use which it failed to do so. The Township's notice required Fantasy to begin steps for compliance within seven days from the date of notice and complete compliance within 30 days. The notice also informed Fantasy that it could appeal this notice to the Board within 30 days.[2]

On November 2, 1995, the Township filed a citation with a District Justice alleging that Fantasy had changed its use to a more non-conforming use without obtaining an occu-pancy permit, a violation of the zoning ordi-nance. Because the Township filed the charges before giving Fantasy 30 days to come into compliance as required by its zon-ing ordinance, the District Justice dismissed the citation. Neither party appealed the dis-missal. After 30 days had expired from Oc-tober 30, 1995, the Township filed new cita-tions with the same allegations but alleging different dates that the violations took place. On January 25, 1996, the District Justice held a hearing on the second set of citations and found that Fantasy had violated the zon-ing ordinance.

While the second set of enforcement cita-tions were pending, the Township filed a complaint in equity and sought both a prelim-inary and permanent injunction from the tri-al court to enjoin Fantasy from continuing to operate in violation of the zoning ordinance. The Township alleged that because Fantasy had never appealed the notice of zoning viola-tion issued by the zoning officer on October 30, 1995, there was a final adjudication that there was a change in use in violation of the zoning ordinance, and this violation constitut-ed irreparable harm to the Township enti-tling it to an injunction.

Fantasy filed preliminary objections to the complaint in equity, as well as opposing the request for a preliminary injunction. Be-cause the Township did not appeal the Dis-trict Justice's dismissal of the first set of enforcement citations, Fantasy contended the notice of violation was ineffective and could not serve as a basis for the injunction. It also contended that the change to a "totally nude" establishment was not a change in use.[3]

After oral argument, the trial court sus-tained Fantasy's demurrer, dismissing the Township's complaint in equity with preju-dice and necessarily denying the request for a preliminary injunction. The trial court held that when the Township filed enforce-ment citations with the District Justice prior to the running of the 30 day appeal period for the October 30, 1995 notice of zoning violation, it deprived Fantasy of its constitu-tional right to appeal that notice of zoning

1. Act of July 31, 1968, P.L. 805, *as amended,* added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1.

2. The Township's notice of violation stated:

   The steps for compliance with the Zoning Or-dinance must be commenced within seven (7) days of this Notice of Violation and completed within thirty (30) days from the date of this Notice of Violation.
   You have the right to appeal this Notice to the Township of Moon Zoning Hearing Board within thirty (30) days from the date of the Notice in accordance with the procedures set forth at Article XII, Sections 208–109 and 208–110 of the Zoning Ordinance.

   Failure to comply with this Notice within the time specified, unless extended by appeal to the Zoning Hearing Board, constitutes a viola-tion. Each day of noncompliance is a separate violation. Violation of the Zoning Ordinance will subject you to possible sanction of civil enforcement before a District Justice with im-position of a fine of five hundred ($500.00) dollars plus court costs and Township attor-ney's fees.
   (Reproduced Record, 4a).

3. Fantasy also asserted that because the second set of enforcement citations issued on December 1, 1995, were not supported by a new notice of zoning violation, these charges could not serve as the basis for a preliminary injunction.

violation to the Board. When the enforcement citations were dismissed by the District Justice, it held the entire controversy related to the notice of zoning violation was disposed of and no appeal was necessary to the Board.[4] To require Fantasy to appeal the notice of zoning violation to the Board after the dismissal of the first set of enforcement citations by the District Justice, the trial court held, would be tantamount to requiring it to appeal to a "lower court" (the Board), after winning in a "higher court" (the District Justice).

■■■ Because the trial court concluded that Fantasy's failure to appeal the October 30, 1995 notice of zoning violation was not a determination that Fantasy was in violation of the ordinance, it addressed the merits and found that the change from dancers clothed with g-strings and pasties to completely nude dancers was a *de minimis* change not constituting a change in use. This appeal followed.[5]

The Township contends that because of Fantasy's failure to appeal the October 30, 1995 notice of zoning violation to the Board, Fantasy is deemed to be in violation as set forth in the notice of violation. Because they are deemed to be in violation, the Township contends an equity cause of action is maintainable and a preliminary injunction should be issued because a continuing violation of a zoning ordinance constitutes immediate irreparable harm. *Pennsylvania Central Realty Investment, Inc. v. Township of Middlesex*, 130 Pa.Cmwlth. 18, 566 A.2d 931 (1989).

■■■ Section 616.1 of the Municipalities Planning Code[6] sets out the procedure for charging a landowner with a violation of a zoning ordinance. It requires that the notice of violation set forth the specific violation, with steps to be taken to come into compliance, and by when that must be accomplished. The property owner may appeal the notice of violation to the zoning hearing board. Failure to do so makes it conclusively to be a violation. *Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640, 646 (Pa. Cmwlth.1995). There is no dispute here that the notice of violation sent to Fantasy was in compliance with these provisions.

---

4. The trial court also held that the second set of enforcement orders could not furnish the basis for a preliminary injunction because the principal of *res judicata* required that a second notice of zoning violations be issued because anything related to the first notice of zoning violation was resolved when the first set of enforcement citations were dismissed by the District Justice.

5. Where there is a challenge to the sustaining of preliminary objections in the nature of a demurrer, the court must accept as true all well pleaded material facts in the complaint, as well as all reasonable inferences that may be drawn from those facts. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. The court will overturn the trial court's decision only if there has been an error of law or a clear abuse of discretion. *O'Brien v. Township of Ralpho*, 166 Pa.Cmwlth. 337, 646 A.2d 663 (1994), *petition for allowance of appeal denied*, 544 Pa. 639, 675 A.2d 1254 (1996).

6. Section 616.1 of the MPC, 53 P.S. § 10616.1, provides:

(a) If it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice as provided in this section.

(b) The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel, and to any other person requested in writing by the owner of record.

(c) An enforcement notice shall state at least the following:

(1) The name of the owner of record and any other person against whom the municipality intends to take action.

(2) The location of the property in violation.

(3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.

(4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

(5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

■ If the notice of violation is not remedied by the landowner, the MPC provides two non-exclusive methods of enforcement. Section 617.2 of the MPC provides the municipality with the authority to file citations·and seek fines before a district justice to obtain compliance with its zoning ordinance.[7] Additionally, Section 617 of the MPC [8] provides that the local municipality may seek equitable relief to enjoin a violation of a zoning ordinance independent of the procedures described in Section 616.1, as it provides that a municipality may institute appropriate proceedings to restrain or abate a violation of a zoning ordinance in addition to any other relief afforded by the MPC.

Fantasy does not dispute that these remedies are available but that, as a matter of law, the Township's complaint did not set forth a violation of the zoning ordinance entitling it to any injunctive relief. It contends, as the trial court found, that the Township's notice of violation, even though not appealed to the Board, is not deemed conclusive and cannot serve as the basis for an injunction. It maintains that when the Township filed the first set of citations with the District Justice only three days after issuing the October 30, 1995 notice of zoning violation rather than waiting for the 30 day appeal period to expire, it deprived Fantasy of its right to appeal the notice of violation to the Board. Because it was deprived of its right to appeal, Fantasy contends that when the District Justice dismissed that first set of citations, the notice of zoning violation was concluded in its favor. Also, it contends, as the trial court also found, that the change from partially nude to totally nude dancing is not a change in use.

■ At the core of Fantasy's contention regarding the notice of violation is that somehow the District Justice has acquired some sort of jurisdiction to determine its validity. While Section 617.2 does vest in the District Justice the power to levy fines for a violation of a zoning ordinance, it, nor any other provision, confers upon the District Justice the jurisdiction to hear appeals from notices of violations. To the contrary, Section 909.1 of the MPC, 53 P.S. § 10909.1, vests in the Board exclusive jurisdiction to hear such an appeal. In relevant part, it states:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

. . .

(3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order, or the registration or refusal to register any nonconforming use, structure or lot.

In *Johnston v. Upper Macungie Township*, 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994), we addressed the exclusivity of the Board's jurisdiction. In that case, a landowner failed to appeal a notice of zoning violation to the zoning hearing board and attempted to obtain *de novo* review before a district justice. In holding that only the zoning hearing board can determine the correctness of the notice of violation, we stated:

The language of 616 and 617 can be interpreted to mean that a district justice's role in the enforcement proceeding is (1) to accept evidence that a landowner violated

---

7. Section 617.2 of the MPC, 53 P.S. § 10617.2, provides in relevant part that:

(a) Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable thereof in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500.00 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the district justice....

8. Section 617 of the MPC, 53 P.S. § 10617.2, provides in relevant part that:

In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act ... the governing body ... in addition to other remedies, may institute any appropriate proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation....

the ordinance, based on the decision not to appeal a notice of zoning ordinance violation—a fact then binding on the district justice—and (2) upon reviewing such evidence, to impose a fine as permitted by section 617.2(a)....

Accordingly, the trial court erred in concluding that the district justice was required to make a *de novo* review of the ordinance violation issue, *because section 909.1 of the MPC gives the zoning hearing boards exclusive jurisdiction over ordinance violation determinations.* (Emphasis added).

*Johnston,* 638 A.2d at 412.

As in *Johnston,* just because the first set of enforcement citations were premature and properly dismissed by the District Justice, it constitutes no basis to divest the Board of its statutory jurisdiction. Only the Board can adjudicate Fantasy's appeal of the notice of violation and nothing foreclosed Fantasy from appealing to the Board.

Because Fantasy failed to file an appeal of the notice of zoning violation with the Board, it is deemed a final adjudication that Fantasy's use was in violation of the zoning ordinance by the mandate of Section 616.1(c)(6). The trial court erred in dismissing the Township's complaint by holding that the dismissal of the citations by the District Justice concluded the notice of zoning violation in Fantasy's favor. Because of the deemed violation, irrespective of the finding that there was no change in use, Fantasy's activities constitute a continuing violation of the zoning ordinance mandating grant of the Township's request for a preliminary injunction. Accordingly, the decision of the trial court granting Fantasy's preliminary objection is reversed with directions to enter a preliminary injunction ordering Fantasy to cease operating the premises in violation of the zoning ordinance as set forth in the Township's notice of violation.

### ORDER

AND NOW, this *3rd* day of *January,* 1997, the order of the Court of Common Pleas of Allegheny County at No. GD95–19885 dated February 14, 1996, is reversed, and the trial court is directed to enter a preliminary injunction ordering Tony Cammel, Ronald Cammel, and Eltoron, Inc. d/b/a/ Fantasy's Showbar, to cease operating the premises in violation of the zoning ordinance as set forth in the Township's notice of violation.