**LOGANVILLE BOROUGH, Appellant**

v.

**Gary D. GODFREY.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2012.

Decided Dec. 27, 2012.

Jeff Lawrence, Hanover, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge [1], and BROBSON, Judge.

OPINION BY Judge LEAVITT.

Loganville Borough (Borough) appeals an order of the Court of Common Pleas of York County (trial court) that granted the Borough's petition for attorneys' fees and

1. This case was re-assigned to the opinion writer on October 5, 2012.

costs it incurred in its enforcement action against Gary D. Godfrey (Landowner). However, the trial court denied the Borough's request for a civil penalty judgment in the amount of $367,000. The Borough argues that the trial court erred because Section 617.2(a) of the Municipalities Planning Code (MPC)[2] mandates the imposition of a monetary fine in some amount for each day that a landowner has been adjudged to be in violation of a zoning ordinance. We affirm the trial court.

In July 2009, the Borough's zoning officer issued an enforcement notice to Landowner, alleging that he had violated the Borough's zoning ordinance by "improving and occupying a detached structure as a dwelling without a Zoning Permit or a Use Certificate." Reproduced Record at 25a (R.R. ___). The "structure" targeted in the notice is a two-story building that is adjacent to Landowner's house and connected thereto by a stone patio. Landowner built the house and adjoining structure in 1986. Over the years, the offending "structure" has been used as Landowner's office and as a bedroom for Landowner's daughter. The enforcement notice contended that the "structure" should not have been used to provide sleeping quarters.

Landowner responded by letter to the Borough's notice that he intended to appeal the enforcement notice and had retained counsel. Landowner denied the zoning officer's claim that the structure in question, which had been permitted when built and occupied since 1986 without any challenge, violated the zoning ordinance. Landowner's attorney prepared an appeal on the Borough-prescribed form and filed it on August 4, 2009. The Loganville Borough Zoning Hearing Board rejected the appeal as untimely because it was filed one day late. The trial court reversed the Zoning Hearing Board, holding that Landowner's letter was sufficient to effect a timely appeal. However, instead of proceeding to a hearing before the Zoning Hearing Board, the Borough appealed. This Court reversed the trial court. *Loganville Borough v. Godfrey*, 17 A.3d 1003 (Pa.Cmwlth., No. 1229 C.D. 2010, filed April 13, 2011).

On July 1, 2011, the Borough notified Landowner that he had five days to prove compliance with the zoning ordinance. On July 6, 2011, Landowner, under the watchful eye of the zoning officer, capped the plumbing in the offending "structure." The Borough was satisfied that this action by Landowner ended the violation and brought the structure into compliance with the zoning ordinance.

On August 4, 2011, the Borough petitioned the trial court for the imposition of fines, attorneys' fees and costs of suit upon Landowner. The Borough sought $500 per day in fines totaling $367,000,[3] as well as attorneys' fees and costs totaling $11,869.77. The trial court concluded that the requested fine was unconscionable and assessed a fine of $0. The trial court awarded $5,000 in reasonable attorneys' fees to the Borough. The trial court did not specify an amount for costs, noting that "[c]ourt costs follow the judgment in this matter in favor of the Borough and are collectable." Order, December 8, 2011, at 2; R.R. 332a. The Borough appealed.

---

2. Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2(a).

3. This amount reflects $500 for each day of violation beginning on July 2, 2009, the date of the Borough's enforcement notice, through July 6, 2011, the date on which Godfrey demonstrated compliance with the zoning ordinance.

On appeal,[4] the Borough argues that the trial court erred by not imposing a fine upon Landowner, which it contends to be mandated by Section 617.2(a) of the MPC, 53 P.S. § 10617.2(a). Landowner responds that Section 617.2 gave the trial court the discretion to fashion the appropriate judgment, taking into account the facts and circumstances of the case. Having done so in this case, the trial court did not abuse its discretion in finding the Borough's request for $367,000 in penalties was unconscionable.

We begin with Section 617.2(a), which states, in relevant part, as follows:

(a) Any person ... who ... has violated ... the provisions of any zoning ordinance enacted under this act or prior enabling laws *shall,* upon being found liable therefore in a civil enforcement proceeding commenced by a municipality, *pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof.* No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the district justice. If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure. *Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation further determines that there was a good faith basis for the person ... violating the ordinance to have believed that there was no such violation,* in

which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation. All judgments, costs and reasonable attorney fees collected for the violation of zoning ordinances shall be paid over to the municipality whose ordinance has been violated.

53 P.S. § 10617.2(a) (emphasis added). In short, a person who violates a zoning ordinance "shall ... pay a judgment of *not more than $500* plus all court costs and reasonable attorney fees incurred by a municipality." *Id.* (emphasis added). Further, this "judgment" will be imposed for each day of the violation.

The Borough argues that the trial court's judgment of $0 ignored the mandate of Section 617.2(a). In addition, the trial court erred in not imposing a monetary judgment for "each day" of the violation. The violation period began with the zoning officer's notice and continued until Landowner capped the plumbing. It is of no moment that during most of the litigation period Landowner was the successful party, or that the substance of the enforcement notice was never adjudicated. Landowner filed his appeal too late, and this adjudicated his violation. We reject the Borough's construction of Section 617.2(a).

Section 617.2(a) requires a landowner to pay a "judgment of not more than $500" for his violation. This language authorizes a range of potential fines from $0 to $500, as opposed to $1 to $500 or even one mill to $500.[5] The General Assembly is fully

---

4. In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether the trial court committed an abuse of discretion or error of law. *Borough of Bradford Woods v.*

*Platts,* 799 A.2d 984, 988 n. 5 (Pa.Cmwlth. 2002).

5. Under the dissent's construction of Section 617.2(a), the trial court could award a judg-

versed in drafting statutes that require a minimum penalty and has done so often. *See, e.g.,* Section 1104(d) of the Hazardous Sites Cleanup Act, Act of October 18, 1988, P.L. 756, 35 P.S. § 6020.1104(d) ("A person who fails to comply with an order issued under section 503 shall be subject to a minimum penalty of $5,000 for each day the order is violated."); Section 3804(a)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 3804(a)(2)(ii) (imposing "a fine of not less than $300 nor more than $2,500" for a second DUI offense). In Section 617.2(a), the General Assembly chose not to impose a minimum penalty. In short, the trial court followed Section 617.2(a) by awarding a $0 fine because it was "not more than $500."

The trial court's application of Section 617.2(a) is consistent with this Court's precedent in *Lower Mount Bethel Township v. North River Company, LLC*, 41 A.3d 156 (Pa.Cmwlth.2012). That case, like this one, concerned the issue of appropriate sanctions after the landowner's liability for violating the zoning ordinance was established. The magisterial district judge ordered landowner to pay to the township a fine of $2,000, $500 in attorney fees and $19.50 in court costs. On review, the trial court ordered landowner to pay $31,854.05 in attorney fees but did not impose a fine or money judgment. On appeal to this Court, the landowner argued that the trial court erred by awarding attorney fees under Section 617.2(a) absent a money judgment. We rejected landowner's argument, noting that

> failing to require [landowner] to pay a judgment greater than zero dollars does not mean that [landowner] is excused from paying reasonable attorney fees. The award of attorney fees is **not** dependent upon the imposition of a money judgment; the attorney fees are in addition to any money judgment that might be imposed.

*Id.* at 161 (emphasis original) (footnote omitted). This language supports a construction of Section 617.2(a) that a court has discretion to award a judgment of $0.

The trial court more than adequately explained the rationale for its decision in this case, noting that the Borough's requested punitive fine was improper because there was no harm to the Borough; Landowner derived no economic benefit from his violation; and he brought his property into compliance with the Zoning Ordinance within the five-day timetable demanded by the Borough. The trial court's stated reasons comport with the goal of a zoning enforcement proceeding, which "is to ensure ... the community is protected." *Borough of Bradford Woods v. Platts*, 799 A.2d 984, 992 (Pa.Cmwlth. 2002).

The two cases cited by the Borough, *Johnston v. Upper Macungie Township*, 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994), and *City of Erie v. Freitus*, 681 A.2d 840 (Pa.Cmwlth.1996), do not command a different result. Those cases involved landowners that ignored the enforcement notices they received and did not appeal to the zoning hearing board. Rather, they did nothing, choosing to contest the matter only after the municipality sought fines from a magisterial district judge. *Johnston* established that the merits of the violation cannot be reviewed in that proceeding when the landowner has declined to pursue an appeal to the zoning hearing board. The district judge determines the appropriate penalties under Section 617.2(a), not whether a violation has occurred.

ment of one mill, or $.001, per day of violation.

This Court noted in *Johnston* that the district judge *"may* accept evidence relating to a landowner's assertion that he had a good faith belief that he had not violated a zoning ordinance." *Johnston*, 638 A.2d at 412 (emphasis added). The Borough reads *Johnston* to mean that the trial court *had* to inquire into whether Landowner acted in good faith. We do not accept this expansive reading of *Johnston.* In any event, as Section 617.2(a) is drafted, the "good faith" inquiry is not intended to aid the adjudicator in assessing the amount of the fine but, rather, in deciding whether to apply a five-day grace period before treating each day as a separate violation.[6] Here, the number of days of the violation is not relevant because the judgment was $0.

For all of the foregoing reasons, the trial court's order is affirmed.

### *ORDER*

AND NOW, this 27th day of December, 2012, the order of the Court of Common Pleas of York County (trial court) in the above-captioned matter dated December 8, 2011, is AFFIRMED.

### DISSENTING OPINION BY Judge BROBSON.

The unambiguous statutory language at issue in this case requires "[a]ny person ... who ... has violated ... the provisions of any zoning ordinance enacted under this act or prior enabling laws" to *"pay a judgment."* Section 617.2(a) of the Municipalities Planning Code (MPC) (emphasis added).[1] A judgment of $0.00 does not require a violator to pay anything. Thus, the trial court's refusal to assess a monetary judgment against Gary D. Godfrey is contrary to the General Assembly's intent that all violators "pay" something.

For this reason, I respectfully dissent.[2]

---

6. It is not clear how the grace period is calculated given our holding in *Johnston* that failure to appeal establishes a zoning ordinance violation. Section 617.2(a) of the MPC refers to "the district justice determining the violation," which would never be the case if it must be the zoning hearing board that determines the violation on the landowner's appeal. 53 P.S. § 10617.2(a).

1. Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2(a).

2. The majority cites *Lower Mount Bethel Township v. North River Company, LLC*, 41 A.3d 156 (Pa.Cmwlth.2012), noting that in that opinion this Court "upheld a judgment of $0." (Maj. Op. at 1152–53.) The question in this case—i.e., whether a $0 judgment is permitted under Section 617.2(a) of the MPC, was not before the Court in *Lower Mount Bethel.* The only issue before the Court in that case was whether attorneys' fees could be assessed in the absence of a monetary judgment. Thus, I respectfully disagree with the majority's characterization of and reliance on our ruling in that case.