J-S72039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN JAROSZEWICZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OZ PROPERTIES, INC., | : | |
| | : | |
| Appellant. | : | No. 481 MDA 2018 |

Appeal from the Order Entered, February 21, 2018,
in the Court of Common Pleas of Berks County,
Civil Division at No(s):  15-13852.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 09, 2019**

Oz Properties, Inc. appeals from the order entered by the trial court granting John Jaroszewicz's motion to compel discovery.  Upon review, we quash the appeal.

The unique procedural history of this case, critical to our decision, is as follows:

A bench trial in this breach of contract action commenced on October 2, 2017.  After the close of Jaroszewicz's case, the parties reached a settlement agreement.  The trial court suspended trial and removed the case from the trial list, anticipating that the parties would file a praecipe to settle, discontinue, and end.

However, on November 6, 2017, because Oz allegedly did not make payment as promised in accordance with the settlement, Jaroszewicz filed a

petition to enforce the settlement agreement, and additionally requested sanctions. The trial court issued a rule and scheduled the matter for a hearing on December 14, 2017. Oz responded claiming that Jaroszewicz breached the confidentiality provisions, and thus, it was not obligated to pay.

On December 14, 2017, the parties appeared before the trial court anticipating that the court would conduct an evidentiary hearing on Jaroszewicz's petition to enforce. However, no hearing was held. Although the trial court acknowledged that a disagreement had arisen over whether an actual settlement had been attained previously, the trial court refused to hear arguments. Instead, the court indicated that it was going to reschedule the matter for a bench trial. It further indicated that it would grant a sixty (60) extension for discovery. No written order was issued at that time.

The next day, on December 15, 2017, Oz filed a petition to enforce the settlement against Jaroszewicz. No response was filed.

Thereafter, on January 10, 2018, Jaroszewicz filed a motion to compel depositions and for sanctions. In this motion, Jaroszewicz claimed that despite the trial court's indication the parties could conduct further discovery, Oz refused to provide dates for depositions or confirm that the individuals to be deposed would present themselves, despite repeated requests. The trial court issued a rule and scheduled the matter for a hearing on February 16, 2018. Oz filed an answer denying those allegations.

On February 21, 2018, the trial court entered two separate orders. The first order denied both Jaroszewicz and Oz's motions to enforce the settlement

agreement. The second order granted Jaroszewicz's motion to compel, authorized the parties to conduct discovery, and denied Jaroszewicz's request for sanctions.

Oz filed a motion for reconsideration as to each of these orders on February 26, 2018. But, before the trial court could address them, Oz filed a notice of appeal on March 16, 2018. Both the trial court and Oz complied with Pa.R.A.P. 1925.

In its appellate brief, Oz indicated that the order in question was the trial court's February 21, 2018 order granting Jaroszewicz's motion to compel discovery and authorizing the parties to conduct discovery. Oz's Brief at 2. Consequently, upon receipt of this appeal, this Court issued a rule to show cause why the appeal should not be quashed as taken from a non-appealable order. Oz filed a statement of cause why its appeal should not be quashed. The rule was discharged, and the decision regarding the appealability of this matter was deferred to this panel.

Initially, we note that "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009) (quoting *Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327, 331 (Pa. Super. 2004)(*en banc*)). Generally, as an appellate court, we only have jurisdiction to review final orders. *See* Pa.R.A.P. 341 (providing that "an appeal may be taken as of right from any final order"). Nevertheless, in appropriate circumstances, the Rules of Appellate Procedure allow an appeal to be taken

from an interlocutory order. *See* Pa.R.A.P. 311, 312, 313, and 341(c).

Consequently, before we can proceed on the merits, we must determine first

whether this matter is properly before the Court.

On its face, the February 21, 2018 order is clearly one directing

discovery. Orders regarding discovery are not final, and are, therefore,

usually unappealable. *Jones v. Faust*, 852 A.2d 1201, 1203 (Pa. Super.

2004); *but see J.S. v. Wetzel*, 860 A.2d 1112, 1117 (Pa. Super. 2004)

(allowing collateral review of a discovery order where compelling privacy

interest at issue). However, Oz contends that the order in issue is not merely

a discovery order. Rather, it is actually an order granting a new trial.[1]

According to Oz, this order was entered for the purpose of permitting

---

[1] All of the substantive issues raised by Oz on appeal relate to the trial court's orders denying the petition to enforce the settlement agreement and directing the parties to proceed with a trial in the case. They are as follows:

1. Whether the trial court erred in failing to hold an evidentiary hearing on either Oz's and/or Jaroszewicz's motion to enforce settlement agreement.

2. Whether the trial court erred in re-opening discovery for purposes of holding a new trial on the underlying action when discovery in the underlying matter had closed, and a trial in the underlying matter had already commenced but stopped when the parties reached a settlement.

3. Whether the trial court erred in deciding to hold a new trial on the merits of the underlying case when a trial in the underlying matter had already commenced, but stopped when the parties reached a settlement.

*See* Oz's Brief at 3-4. We note that Oz did not appeal from the trial court's order denying the motion to enforce the settlement agreement, which was a separate order from that which Oz now appeals. Consequently, the first issue is waived.

- 4 -

discovery to be reopened on the underlying merits of the case, so that a second *de novo* trial could be held in the underlying matter.  Oz's Brief at 2.

In support of its position, Oz relies on ***Johnston v. Upper Macungie Twp.***, 638 A.2d 408 (Pa. Cmwlth. 1994).  Oz's Brief at 1.  There the court found that, although the order did not explicitly say a new trial was ordered, the trial court's remand order effectively did so.  ***Johnston***, 638 A.2d at 413. "Because the [February 21, 2018] [o]rder effectively orders that a new trial occur on the underlying merits of the case [even though it does not specifically state that], the order is an interlocutory order which is appealable by right pursuant Pa.R.A.P. 311(a)(6)."  Oz's Brief at 2.  We therefore must determine whether the trial court's order in this case could be construed as an order directing a new trial contemplated under Pa.R.A.P. 311. Rule of Appellate Procedure 311(a)(6) provides for an interlocutory appeal as of right of "an order in a civil action or proceeding awarding a new trial."  Pa.R.A.P. 311(a)(6).

Initially, we observe that the trial court believed it did not grant a "new trial".  Trial Court Opinion, 8/14/18 at 5.  Even assuming that it did, however, the trial court maintained that ordering discovery and starting the trial again was the fairest way to accommodate the parties, given the length of time since their alleged settlement and the magnitude of events that transpired during that time.  ***Id***.  In noting that Oz wanted to resume the previous incomplete trial, at the exact moment it was disrupted, the court remarked, "This made

no sense to the Court based upon the mountain of additional and novel information brought before it in the intervening months." *Id*.

We agree that the trial court did not actually award a new trial, which changed the final outcome of the case. In *Kronstantin v. Miller*, 19 A.3d 1119 (Pa. Super. 2011), we considered the difference between "awarding a new trial" as set forth in Pa.R.A.P. 311(a)(6), and the declaration of a mistrial. *Kronstantin*, 19 A.2d at 1123. Although the present case does not involve a mistrial, we find *Kronstantin* helpful to our analysis. There, we explained:

> There is a marked difference between a court's granting a motion for a new trial and declaring a mistrial*; **the former contemplates that a case has been tried, a judgment rendered, and on motion therefore[,] said judgment set aside and a new trial granted**, while the latter results where, **before a trial is completed and judgment rendered**, the trial court concludes that there is some error or irregularity that **prevents a proper judgment being rendered** in which event a mistrial may be declared.

*Id.* at 1124 (emphasis added). In view of this principle, we concluded that, because there was no final verdict rendered by the jury, the declaration of the mistrial, and ensuing trial which occurred as a matter of course, was not an award of a new trial. *Id.* Thus, the declaration of a mistrial was not an interlocutory order appealable as of right under Pa.R.A.P. 311(a)(6), and the appeal was quashed. *Id.* at 1124-25.

Similarly, here, the case was not fully tried to verdict in the trial court. After the conclusion of Jaroszewicz's side of the case, the parties believed they reached a settlement agreement. The trial was suspended, and the case

removed from the trial list. No decision or judgment was ever rendered by the trial court in this matter. No error was asserted to have occurred that one of the parties now asks this Court to set aside (e.g. a decision or verdict), as is typical with the award of a new trial. However, when the settlement agreement fell through, the trial court decided it was best to start the trial over or reconvene the trial as a matter course. By requiring the parties to commence the trial from the beginning, the trial court merely established the scope of the new proceedings. Additionally, the trial court concluded that further discovery would assist the parties in moving this matter forward. This decision, contrary to Oz's contention, did not constitute an award of a new trial.

Moreover, in view of the foregoing analysis, Oz's reliance on **Johnston**, is misplaced.[2] Oz claims that, even though the order in **Johnston** did not expressly state that it was awarding a new trial, it effectively did, and therefore was appealable immediately. However, unlike in **Johnston**, the order here did not effectively direct a new trial.

The **Johnston** case involved landowners who appealed to the trial court after the magistrate imposed sanctions against them for a zoning violation. The underlying violation had become final because the landowners' failed to appeal it to the zoning hearing board. Thus, the only issue remaining was one of sanctions. However, at the trial court, instead of deciding the sanctions,

---

[2] Additionally, we note that **Johnston** is a Commonwealth Court case, and as such, is not controlling upon this Court.

the judge remanded the issue of whether a zoning violation had occurred to the magistrate, thereby affording the landowners a second opportunity to litigate a final decision. *Johnston*, 638 A.2d at 413. Consequently, the trial court's decision to remand was appealable as of right, as an interlocutory order awarding a new trial. *Id.* 412-13. Here, as discussed above, no final decision or verdict was previously rendered in this case, and there was no final order as a matter of law.

Accordingly, we conclude the February 21, 2018 order, which is the subject of this appeal, is not an order awarding a new trial under Pa.R.A.P. 311(a)(6) as claimed by Oz. Rather, this order is simply an order directing discovery to take place in a case where judgment has never been entered. The trial court merely reopened discovery, because given the amount of time that had elapsed since testimony originally began, it believed it was the fairest way to resolve the pending matter. Trial Court Opinion, 8/14/2018, at 5. Indeed, the trial court believed it could have been an abuse of discretion not to start the trial anew. *Id*. Consequently, as discussed above, the February 21, 2018, order is not a final, appealable order. We, therefore, do not reach the merits of any issues raised on appeal.

For the foregoing reasons, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/09/2019