**MINOR COURT RULES COMMITTEE**
**ADOPTION REPORT**

**Adoption of Pa.R.Civ.P.M.D.J. 351 and Amendment of the Comments to**
**Pa.R.Civ.P.M.D.J. 301, 302, and 321**

On February 10, 2023, the Supreme Court adopted Rule 351 and amended the Comments to Rules 301, 302, and 321 of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges ("Rules"), pertaining to challenges to civil violations issued via an automated side stop signal enforcement system on a school bus ("school bus camera"). The Minor Court Rules Committee has prepared this Adoption Report describing the rulemaking process as it relates to these changes. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court. The Committee published a proposal pertaining to violations issued via school bus cameras for public comment at 52 Pa.B. 3816 (July 9, 2022). The comment period ran through August 24, 2022. These rule changes become effective on April 11, 2023.

Act 38 of 2020 authorized the use of automated side stop signal enforcement systems on school buses to identify and issue civil violations to the owners of vehicles passing a stopped school bus when the red signal lights on the school bus are flashing and the side stop signal arms are activated. *See* 75 Pa.C.S. § 3345.1(a), (c). Using the camera footage, a system vendor provides violation data to the police department with coverage responsibility for the school district or the Pennsylvania State Police. *See id.* § 3345.1(h). The police department reviews the violation evidence from the vendor and authorizes the issuance of a notice of violation to the vehicle owner. *See id.* § 3345(h.2)(1). The notice of violation instructs the vehicle owner to either pay the fine as indicated on the notice of violation or "request a hearing with the magisterial district judge for the purpose of contesting liability." *Id.* § 3345.1(i.1)(1)(iv). If the owner does not pay the fine or contest liability within 30 days of the original notice, the police department may "turn the matter over to the magisterial district judge where the violation occurred. The magisterial district judge may assess liability upon the owner for failure to pay the fine or contest liability." *Id.* § 3345.1(i.1)(2)(iii).

New Rule 351(c)(1) addresses when the vehicle owner contests liability for the alleged violation by filing a hearing request with the magisterial district court in the magisterial district where the alleged violation occurred. The vehicle owner must attach a copy of the notice of violation to the hearing request and it must be filed within 30 days

from the original notice.[1]  The vehicle owner must pay all filing and service costs at the time of filing or file a petition to proceed *in forma pauperis* pursuant to Rule 206E.  The hearing notice is served on the police department by certified mail or comparable delivery method.

New Rule 351(c)(2) addresses when the vehicle owner fails to respond timely to the notice of violation either by paying the fine or requesting a hearing to contest liability. In those instances, the police department may "turn the matter over to the magisterial district judge."  *See* 75 Pa.C.S. § 3345.1(i.1)(2)(iii).  A police department may do this by filing a civil complaint with the magisterial district court in the magisterial district where the alleged violation occurred, no earlier than 30 days from the date of the original notice. Except as otherwise provided by Rule 351, a complaint filed pursuant to subdivision (c)(2) will proceed in the same manner as any other civil complaint.

In an action brought pursuant to subdivision (c)(2), the only issue before the magisterial district judge is whether the vehicle owner timely responded to the notice of violation by paying the civil fine or contesting liability.  75 Pa.C.S. § 3345.1(i.1)(2)(iii).  The underlying violation for passing a school bus is not the subject of a hearing on a complaint brought pursuant to subdivision (c)(2)(i) and the defenses in 75 Pa.C.S. § 3345.1(f) are not applicable.[2]

Relative to cost recovery, if the prevailing party has paid the filing and service costs, that party is entitled to recover taxable costs from the unsuccessful party.  *See* 42 Pa.C.S. § 1726; *see also* Pa.R.Civ.P.M.D.J. 206B (pertaining to awarding of costs to a prevailing party).  While it may be unusual for a police department to be a party in a civil matter in magisterial district court, the statute has prescribed these violations for passing a school bus as civil actions, not criminal.

---

[1]  The statute does not address the scenario when the vehicle owner initially pays the violation but later decides to request a hearing within 30 days of the original notice. Accordingly, such a provision was not incorporated in the Rules to accommodate this likely rare occurrence.

[2] This scheme is similar to zoning enforcement proceedings brought pursuant to the Municipalities Planning Code ("MPC"), 53 P.S. §§ 10101 *et seq.*  Under the MPC, once an alleged violator has been given notice of a zoning violation pursuant to 53 P.S. § 10616.1, the alleged violator can seek an appeal with the municipality's zoning hearing board but cannot defend the underlying charges before the magisterial district judge after failing to appeal.  *See e.g., City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth., 1996).

Because these are civil actions, the unsuccessful party must pay the judgment amount directly to the prevailing party. *See* Rule 3.10(A)(2) of the Rules Governing Standards of Conduct of Magisterial District Judges (prohibiting a magisterial district judge from engaging in any activity related to the collection of a claim or judgment for money); *see also* Pa.R.Civ.P.M.D.J. 323, Comment ("The payments are to be made to the plaintiff and not to the magisterial district judge").

The courts of common pleas have jurisdiction of appeals and writs of *certiorari* from judgments rendered by the magisterial district courts. "Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district." *See* 42 Pa.C.S. § 932. An appeal from a judgment rendered by a magisterial district court or a *praecipe* for a writ of *certiorari* should be made to the court of common pleas for the judicial district. *See* Pa.R.Civ.P.M.D.J. 1001 *et seq.*

The Comments to Rules 301, 302, and 321 were amended to incorporate new Rule 351. The Comment to Rule 301 (Definition; Scope) was amended to provide that the Rules apply generally to school bus camera violations, except as otherwise provided by new Rule 351. The Comment to Rule 302 (Venue) was updated to add these new actions to the list of actions with special venue provisions. Finally, the Comment to Rule 321 (Hearings and Evidence) was amended to add a cross-reference to new Rule 351(d), providing exceptions to the evidentiary requirements in hearings on these new actions.