Township of East Bradford *v.* Dr. Robert J. Champaine and Joyce Champaine, His Wife, and Royalwood, Inc., Appellants.

Submitted on briefs, April 9, 1976, to Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Lawrence E. Wood,* with him *Wood, Parke & Barnes,* for appellants.

*Joseph F. Harvey,* with him *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellee.

OPINION BY JUDGE KRAMER, August 20, 1976:

This is an appeal by Dr. Robert J. Champaine from an order of the Court of Common Pleas of Chester County, dated May 12, 1975, which enjoined Champaine from conducting certain activities on his land. Champaine contends that (1) the injunctive order of the trial court is overly broad; (2) the suit by the Township of East Bradford represents an arbitrary exercise of the municipality's zoning power; and (3) a prior order of the Township's Zoning Hearing Board should have been "revoked" before the Township proceeded in equity. We will reverse the trial court and remand.

Sometime in early 1973 Champaine applied to the Zoning Hearing Board of the Township of East Bradford for a special exception to permit the use of

Champaine's land[1] to teach horsemanship. On June 25, 1973, following hearings, the Board granted the requested exception subject to certain conditions. These conditions are set forth in the Board's order granting the exception:

"AND Now, this 25th day of June, 1973 upon consideration of the evidence and testimony presented in the Application of Dr. Robert J. Champaine, a special exception is granted to the Applicant pursuant to Section 400(d)(1) and Section 1108 of the East Bradford Township Zoning Ordinance of 1970, [to] permit the conducting of an educational use, to wit, the teaching of a basic course in horsemanship, subject to the following restrictions and/or limitations based upon the authority granted the Board under Section 1108 of the Ordinance of 1970:

"a. The proposed course in horsemanship shall be limited to students from West Chester State College as requested by the Applicant.

"b. Classes may be conducted five days per week, Monday through Friday, said classes to begin no earlier than 8:00 a.m. and to be completed no later than 5:30 p.m. There shall be no classes on Saturday or Sunday in order to preserve the tranquility of the surrounding community and countryside.

"c. Approval of this special exception is contingent upon the Applicant furnishing the Zoning Hearing Board with a letter of approval from the Pennsylvania Department of Public Instruction that the subject course is an accredited course for which a student will receive credit towards receipt of a degree and graduation.

"d. The Applicant and the West Chester State College shall notify the Board in writing of any ma-

---

[1] There is a barn (termed by Champaine an "equestrian center") located on the subject property. No question has been raised about the legality of this structure. Only its use is questioned.

terial changes in the overall set-up of the course or courses and shall likewise notify the Board immediately in the event West Chester State College shall decide to terminate the course or courses."

No appeal was taken.

On August 6, 1974, the Chairman of the Athletic Department of West Chester State College advised the Board that the College had ceased using Champaine's facilities. Champaine does not suggest that the conditions required in the order are still satisfied.

Sometime subsequent to the loss of the College instructional program, Champaine began conducting "horse shows" on the premises. These shows were exhibitions and were not educational in nature. The testimony indicates that these shows attracted significant crowds and vehicular traffic, and that considerable sound emanated from a public address system used during the shows.

On August 19, 1974, the Township filed a complaint in equity which sought to enjoin Champaine from using his equestrian center "except in accordance with the . . . Order of June 25, 1973" and specifically to enjoin him from teaching horsemanship except as set forth in that order. At the hearing before the trial court the Township amended its complaint to recite an averment that horse shows were being conducted.

After hearing the trial judge entered the following order:

"AND Now, January 3, 1975, the defendants are enjoined preliminary from conducting upon their premises *any use* other than that authorized by the Zoning Hearing Board's Order of June 25, 1974, and specifically they are ordered to cease and desist from conducting classes in the equestrian art and from conducting horse shows on the premises until and

unless zoning permits for such activities are obtained." (Emphasis added.)

This order was made final on May 12, 1975.

Our scope of review in equity cases is limited to determining whether the trial court abused its discretion or committed an error of law. *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 317, 314 A.2d 328, 330 (1974).

We must point initially that the trial court was without authority to enjoin Champaine from conducting *"any use* other than that authorized" (emphasis added) by the order of the Board granting a special exception, because (a) such injunction results in an illegal prohibition of "any use" which may otherwise be permitted, and (b) the complaint did not mention any violation of the *ordinance,* which no doubt did permit some other uses. Since the ordinance was not made part of the record, we have no way of knowing which uses are permitted in the particular district in which Champaine's land is located; however, we have no doubt that some permitted uses exist.

The trial judge probably meant to enjoin all *educational* uses other than those authorized by the special exception. There is no evidence indicating that instructional activities have taken place since the withdrawal of West Chester State College's program.

Section 617 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10617 provides that a municipality may seek to enjoin a violation of its zoning ordinance when a building or land "is, or is proposed to be . . . used" illegally. As pointed out above, there is no evidence that Champaine is violating the ordinance or the conditions attached to the special exception. The only evidence that he proposes to commit a violation is a magazine advertisement offering

instruction in horsemanship which was printed several months before the termination of the West Chester College program. This evidence is insufficient to support a finding that Champaine is violating the Township's use restrictions; therefore the entry of an injunctive order on the basis of this evidence amounts to an abuse of discretion.

Consequently, we must reverse the order of the trial court which enjoins Champaine from conducting *any* activities other than those permitted by the Board's order of June 25, 1974. So that our action is not misinterpreted, we point out that it is not our intention to sanction any use of the property (including an educational use) which is in violation of the ordinance. If any particular activity is validly subject to a requirement that a special exception be obtained, then the proper procedures must be followed before the activity commences. As the case now stands, Champaine has permission to conduct educational activities only in conformity with the order of the Board, as well as any other uses permitted under the ordinance. If the Township believes it can prove that the ordinance is being violated (including educational activities which violate the conditions to the special exception), it may seek an injunction and enforcement under Section 617 of the MPC. We hold only that sufficient evidence has not been presented to justify the entry of the injunctive order against Champaine.

With respect to the horse shows, we admit to some confusion regarding the position taken by the Township. Champaine's testimony establishes that these shows bear no relationship whatever to the limited educational use authorized by the special exception, and Champaine does not attempt to justify the shows on the basis of the special exception. For some unexplained reason the Township argues that by con-

ducting the shows Champaine is "in violation of" the conditions placed upon the unrelated special exception. To confuse matters even more, the Township's evidence indicates that it was attempting to establish that the shows constituted a nuisance, which may have nothing to do with whether they violated the Township's zoning ordinance. The Township's complaint does not seek an injunction either for violation of the ordinance or for a nuisance.

We have no way of knowing whether the shows violate the use restrictions of the ordinance. The Township has proven, and the trial court found, that the shows have, in fact, occurred, but that is the most that we know. Accordingly, we must remand this matter for a determination regarding whether the shows violate the ordinance, and, if so, which specific provisions are being violated. After this is determined, an injunction may be proper under Section 617 of the MPC, in the discretion of the trial court. We also point out that while evidence concerning the unfortunate environmental effect of a violation may influence the trial court's exercise of its discretion, what must be proven under Section 617 to support an injunctive order is the violation or proposed violation of some specific provision of the *ordinance*. An action to abate a common law nuisance is a different matter.

In light of the above, we

### ORDER

AND Now, this 20th day of August, 1976, it is ordered that the decision of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and this matter is remanded to the Court of Common Pleas of Chester County for the purpose of entering such orders as it deems appropriate and consistent with the opinion filed here-

with. Amendatory pleadings and additional evidence may be received by the trial court in accordance with the Rules and the law.