IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Borough of West Conshohocken | : | |
| | : | |
| v. | : | No. 571 C.D. 2013 |
| | : | Submitted: November 4, 2016 |
| Joseph and Jane Soppick, | : | |
| Appellants | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: March 29, 2017

Joseph and Janet Soppick appeal an order of the Court of Common Pleas of Montgomery County (trial court) directing them to pay $130,500, plus costs and interest, as a penalty for building a garage that did not conform to their building permit, in violation of the Borough of West Conshohocken's Zoning Ordinance.[1] The Soppicks contend that the Borough could not seek civil penalties while their appeal of the Borough's Stop Work Order was pending. When the Soppicks lost their appeal, they dismantled the garage. Concluding that the Borough lacked authority to seek a penalty while the Soppicks appealed the judgment that they violated the Borough's Zoning Ordinance, we reverse.

The Soppicks own property located at 209 Moir Avenue in the Borough of West Conshohocken. In 1996, the Soppicks applied for a building permit to construct a detached, one-story garage on the property, and it was

---

[1] BOROUGH OF WEST CONSHOHOCKEN ZONING ORDINANCE OF 1976. The Zoning Ordinance is codified at Chapter 113 of the Code of the Borough of West Conshohocken (BOROUGH CODE). The Borough Code is available online at http://www.ecode360.com/WE0554 (last visited March 20, 2017).

granted. In April 1999, the Borough's Zoning Officer did an inspection and discovered that the Soppicks were constructing an attached, two-story garage, in violation of the Borough's Zoning Ordinance, Building Code, and their permit. On April 23, 1999, the Zoning Officer issued a Stop Work Order under Section 113-131 of the Zoning Ordinance[2] instructing the Soppicks to "cease work immediately on any further construction" and advising that failure to do so would result in daily fines. Reproduced Record at 9 (R.R. __). The Stop Work Order, a one-page letter from the Borough's Zoning Officer, cited the Borough's Construction Codes and the Building Officials and Code Administrators International (BOCA) National Building Codes/1996. The Stop Work Order advised the Soppicks that they had the right to appeal to the Zoning Hearing Board.

The Soppicks appealed the Stop Work Order. Four years later, on June 11, 2004, the Zoning Hearing Board denied the Soppicks' appeal, stating:

> The garage represents an extension of the present nonconforming use of the subject property in excess of that permitted by the Borough Code, is in excess of the dimensions described in the Application for Building Permit which was approved by the Borough Building/Zoning Officer, is a two-

---

[2] Section 113-131 of the Borough Code's Chapter on Zoning states:

> *In case any building or structure is erected*, constructed, reconstructed, altered, repaired, converted or maintained or any building, structure or land is used or any hedge, tree, shrub or other growth is maintained *in violation of this chapter* or of any regulation made pursuant thereto, in addition to other remedies provided by law, any appropriate action or proceedings, whether by legal process or otherwise, may be instituted or taken to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises.

BOROUGH CODE §113-131 (emphasis added).

story [structure] … and is attached to the existing structure, rather than detached as was described in the plans and representations made by the Soppicks prior to the approval of the permit.

R.R. 12. The Soppicks appealed the decision of the Zoning Hearing Board, and the trial court affirmed by order of February 21, 2007. The Soppicks appealed the trial court's order to this Court.

On June 19, 2007, while the Soppicks' appeal was pending with this Court, the Borough notified the Soppicks of its intent to enforce the trial court's order. Its letter stated, in relevant part, as follows:

> As you are aware, the Court of Common Pleas of Pennsylvania issued an Order dated February 21, 2007. *That Order affirmed the West Conshohocken Zoning Hearing Board's denial of your zoning application.* A copy of said Order is attached for your review.
>
> In accordance with Section 37-24 of the Borough Code,[3] you are hereby fined $300.00. Every day that this violation

---

[3] This provision states:

> Any person violating the provisions of this chapter shall be subject to the provisions detailed in Chapter **53A** of the Code of the Borough of West Conshohocken.

BOROUGH CODE §37-24. Chapter 53A, known as the "Borough of West Conshohocken Fines and Penalties Ordinance," states:

> A. Except as provided in § **53A-3** hereof, when the penalty imposed for the violation of an ordinance of the Borough of West Conshohocken Code is not voluntarily paid to the Borough, the Borough shall initiate a civil enforcement proceeding before a District Justice. The civil enforcement proceeding shall be initiated by complaint or by such other means as may be provided by the Pennsylvania Rules of Civil Procedure. The penalty for any ordinance, which is to be enforced through a civil enforcement proceeding, may not exceed $600 per violation.
>
> B. In any case where a penalty for a violation of a Borough ordinance has not been timely paid and the person upon whom the penalty was imposed is found to

**(Footnote continued on the next page . . .)**

continues constitutes a separate offense punishable by a fine of $300.00.

R.R. 56 (emphasis added).  When the Soppicks neither paid the fine nor corrected the violation, the Borough filed a complaint.  On October 4, 2007, a magisterial district judge entered a judgment on the Borough's complaint against the Soppicks and imposed a penalty of $7,038.50 which the Soppicks appealed.

On November 23, 2007, the Borough filed a complaint against the Soppicks in the trial court, seeking penalties in the amount of $47,100.  The Borough's complaint stated that it

> obtained declaratory judgment from [the trial court] upholding the June 11, 2004 decision of the Borough's zoning hearing board which held that the [Soppicks] violated Borough Code Sections 37-5C and 37-7C and former building code section[s] 111.2 and 111.3.

---

**(continued . . .)**

> have been liable therefor in civil proceedings, the violator shall be liable for the penalty imposed, including additional daily penalties for continuing violations, plus court costs and reasonable attorney fees incurred by the Borough in the enforcement proceedings.
>
> C.  Pursuant to state law, the Borough is exempt from the payment of costs in any civil case brought to enforce an ordinance in accordance with this section.

BOROUGH CODE §53A-2.  Additionally, Section 3 provides:

> For all ordinances regulating building, housing, property maintenance, health, fire, public safety, parking, solicitation, curfew, water, air or noise pollution enforcement shall be by action brought before a District Justice in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Civil Procedure. In accordance with state law, the Borough's Solicitor is authorized to assume charge of the prosecution without the consent of the District Attorney. Fines for such offenses shall not exceed $1,000 per violation. Any such ordinance may prescribe imprisonment for such offenses to the extent allowed by law for the punishment of summary offenses.

BOROUGH CODE §53A-3.

Certified Record (C.R.) Item No. 3 at 5.  The complaint alleged that the Soppicks' illegal garage exposed them to a daily fine of $300.

On February 19, 2008, this Court affirmed the trial court's decision, concluding, in part, that the Borough was justified in issuing the Stop Work Order pursuant to Section 113-131 of the Borough's Zoning Ordinance because the Soppicks' garage was a "building or structure … erected … in violation of this chapter," *i.e.,* the Zoning Ordinance Chapter of the Borough Code.  *Soppick v. Zoning Hearing Board of West Conshohocken*, (Pa. Cmwlth., No. 531 C.D. 2007, filed February 19, 2008) (unreported).  On August 27, 2008, the Soppicks removed the garage.  The Borough's pursuit of penalties continued.

In 2011, the Borough filed an amended complaint seeking $130,500 to penalize the Soppicks for having a garage that violated the Zoning Ordinance for a period of 435 days.  The Borough measured this period from the date it sent the enforcement notice to the Soppicks, *i.e.* June 19, 2007, to the date the Soppicks removed the garage, *i.e.*, August 27, 2008.

On February 6, 2012, the Borough filed a motion for summary judgment.  By order dated July 13, 2012, the trial court granted the motion and entered judgment against the Soppicks in the amount of $130,500, plus interest and costs.  On July 18, 2012, the Soppicks filed a motion for reconsideration and for an extension of time to file a response to the Borough's motion for summary judgment.  The trial court granted reconsideration and dissolved its order of July 13, 2012.  After the Soppicks responded to the Borough's motion for summary

judgment, the trial court again ordered the Soppicks to pay a penalty of $130,500 plus costs and interest. The Soppicks now appeal to this Court.[4]

On appeal, the Soppicks raise one issue. They contend that the trial court erred because their appeal of the Stop Work Order and underlying Zoning Ordinance violation precluded the Borough from seeking penalties until their appeal failed. They make this argument under Section 617.2(a) of the Municipalities Planning Code (MPC),[5] 53 P.S. §10617.2(a).[6] The Borough responds that Section 617.2(b) of the MPC, 53 P.S. §10617.2(b), implicitly permits a municipality to assess fines while an appeal of its order is pending.

Section 617.2 of the MPC states as follows:

(a) Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the district justice. *If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure.* Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation

---

[4] "In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether the trial court committed an abuse of discretion or error of law." *Loganville Borough v. Godfrey*, 59 A.3d 1149, 1151 n.4 (Pa. Cmwlth. 2012) (citation omitted).

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202; Section 617.2 was added by the Act of December 21, 1988, P.L. 1329.

[6] The Soppicks also argue that their appeal of the penalty action barred the Borough from imposing daily fines.

6

further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation. All judgments, costs and reasonable attorney fees collected for the violation of zoning ordinances shall be paid over to the municipality whose ordinance has been violated.

(b) The court of common pleas, upon petition, may grant an order of stay, upon cause shown, *tolling the per diem fine pending a final adjudication of the violation* and judgment.

(c) Nothing contained in this section shall be construed or interpreted to grant to any person or entity other than the municipality the right to commence any action for enforcement pursuant to this section.

53 P.S. §10617.2 (emphasis added). The term "judgment" is not defined in the MPC. As we have explained, where a term is not defined, courts will construe the term according to its common and approved usage, beginning with a dictionary definition. *Wright v. Lower Salford Township Municipal Police Pension Fund*, 136 A.3d 1085, 1090 (Pa. Cmwlth. 2016) (quotation omitted). "Judgment" is defined as "[a] court's final determination of the rights and obligations of the parties in a case." BLACK'S LAW DICTIONARY 970 (10th ed. 2014).

The Soppicks focus on the sentence in Section 617.2(a) of the MPC stating that "[i]f the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure." 53 P.S. §10617.2(a). The Soppicks construe this sentence to mean that a municipality may *not* file a complaint to enforce the judgment where the underlying "judgment" has been appealed. The Soppicks contend that their appeal

7

of the trial court's judgment affirming the Stop Work Order prevented the Borough from initiating a penalty action. The Borough responds that Section 617.2(a) does not expressly prohibit a municipality from enforcing a judgment that has been appealed.

Where it appears to a municipality that a violation of a zoning ordinance has occurred, and the municipality seeks to initiate zoning enforcement proceedings, it must do so by sending an enforcement notice. *See* Section 616.1 of the MPC, 53 P.S. §10616.1.[7] The notice of violation informs the landowner of the

---

[7] Section 616.1 provides:

> (a) If it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice as provided in this section.
>
> (b) The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel, and to any other person requested in writing by the owner of record.
>
> (c) An enforcement notice shall state at least the following:
>
>> (1) The name of the owner of record and any other person against whom the municipality intends to take action.
>>
>> (2) The location of the property in violation.
>>
>> (3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.
>>
>> (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.
>>
>> (5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.
>>
>> (6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

**(Footnote continued on the next page . . .)**

8

specific violation, the steps to be taken to come into compliance, and the time within which to do so. Upon receipt of the notice, the landowner may appeal the violation to the zoning hearing board. "Failure to do so makes it conclusively to be a violation." *Moon Township v. Cammel*, 687 A.2d 1181, 1184 (Pa. Cmwlth. 1997).

Here, the Borough notified the Soppicks of its intent to impose a daily fine while the Soppicks were challenging the underlying violation (*i.e.* Stop Work Order). When the Soppicks did not pay the fine, or abate the violation, the Borough filed a complaint before the magisterial district judge, relying upon the trial court's affirmance of the Zoning Hearing Board as the proof of the violation.

The Borough's enforcement action was premature. *See Borough of Bradford Woods v. Platts*, 799 A.2d 984 (Pa. Cmwlth. 2002) ("[A] property owner may not be found liable unless there is a conclusive determination of a violation, either through the appeal process or by a failure to appeal the notice."). In *Woll v. Monaghan Township*, 948 A.2d 933, 937 (Pa. Cmwlth. 2008), this Court explained that "[the municipality] could not commence an action before the magisterial district judge until the issue of whether a violation occurred was determined by the zoning hearing board." This is so because the MPC vests the zoning hearing board with exclusive jurisdiction to hear appeals of zoning violations; the MPC vests the

---

**(continued . . .)**

> (d) In any appeal of an enforcement notice to the zoning hearing board, the municipality shall have the responsibility of presenting its evidence first.

> (e) Any filing fee paid by a party to appeal an enforcement notice to the zoning hearing board shall be returned to the appealing party by the municipality if the zoning hearing board or any court in a subsequent appeal rules in the appealing party's favor.

53 P.S. §10616.1, added by Section 60 of the Act of December 21, 1988, P.L. 1329.

magisterial district judge with the power to levy fines once the violation is finally adjudicated. *Id.* Stated otherwise, where landowners appeal an enforcement action, there is no conclusive determination of a violation upon which a municipality can seek sanctions until the landowners have exhausted their appeal rights. *See Vieldhouse v. Warwick Township Zoning Hearing Board*, (Pa. Cmwlth., No. 2169 C.D. 2011, filed May 23, 2012), Slip Op. at 5 (unreported) ("Once [landowner] has exhausted his appeal rights, the Township may choose to seek an enforcement remedy if the Property has not been brought into compliance with the zoning ordinance.").[8] Here, the Soppicks had not exhausted their appeal rights because their appeal of the trial court's judgment was pending. Therefore, the Borough could not pursue its enforcement proceeding.

The Borough argues, however, that the Soppicks should have requested the trial court to stay the Stop Work Order. Because they did not do so, the Borough commenced enforcement proceedings. Borough Brief at 11. In support, the Borough directs this Court to Article X-A of the MPC, which sets forth the procedures for appeals of land use decisions, including zoning hearing board decisions, and specifically to Section 1003-A(d) of the MPC, which states:

> (d) *The filing of an appeal in court under this section shall not stay the action appealed from, but the appellants may petition the court having jurisdiction of land use appeals for a stay*. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the

---

[8] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

10

petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous. At the hearing, evidence may be presented on the merits of the case. It shall be the burden of the landowners to prove the appeal is frivolous. After consideration of all evidence presented, if the court determines that the appeal is frivolous, it shall grant the petition for posting a bond. The right to petition the court to order the appellants to post bond may be waived by the appellee, but such waiver may be revoked by him if an appeal is taken from a final decision of the court. The question of the amount of the bond shall be within the sound discretion of the court. An order denying a petition for bond shall be interlocutory. An order directing the respondent to the petition for posting a bond to post a bond shall be interlocutory. If an appeal is taken by a respondent to the petition for posting a bond from an order of the court dismissing a land use appeal for refusal to post a bond, such responding party, upon motion of petitioner and, after hearing in the court having jurisdiction of land use appeals, shall be liable for all reasonable costs, expenses and attorney fees incurred by petitioner.

53 P.S. §11003-A(d).[9] Section 1003-A(d) of the MPC relates to a land use appeal.

Section 1003-A(d) explains that the filing of an appeal does not automatically stay the grant or denial of the land use application. Nevertheless, the appellant may seek to stay the land use order while it is appealed. For example, where the appellant is a third-party who seeks to set aside the *grant* of a land use permit, the appellant may request to have that order stayed and, thus, delay the permitted project. However, that appellant may also be required to post a bond to protect the landowner "whose use or development is in question." *Id.* Section 1003-A(d) has nothing to do with enforcement actions, and it has no bearing on this case.

---

[9] Added by Section 101 of the Act of December 21, 1988, P.L. 1329.

To pursue an enforcement action, the Borough must comply with Sections 616.1 and 617.2 of the MPC. Section 617.2(a) of the MPC relates to enforcement remedies against a "person … who … has violated or permitted the violation of the provisions of any zoning ordinance." 53 P.S. §10617.2(a). At the time the Borough initiated enforcement against the Soppicks, there had been no final determination that the Soppicks violated the Zoning Ordinance because they had not exhausted their appeal rights. *Vieldhouse*, (Pa. Cmwlth., No. 2169 C.D. 2011, filed May 23, 2012) (unreported). Thus, the Borough was not able to initiate enforcement proceedings under Section 617.2 of the MPC.

For these reasons, we reverse the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of West Conshohocken   :
  :
       v.        :   No. 571 C.D. 2013
  :
Joseph and Jane Soppick,   :
        Appellants   :

## **O R D E R**

AND NOW, this 29th day of March, 2017, the order of the Court of Common Pleas of Montgomery County dated March 18, 2013, in the above-captioned matter is REVERSED.

_____
MARY HANNAH LEAVITT, President Judge