IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Centre Township                :
                                           :
        v.                     :  No. 1341 C.D. 2020
                                           : Submitted: February 4, 2022
Timothy Jason Lehner,     :
                                           :
                    Appellant   :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: April 21, 2022


Timothy Jason Lehner (Landowner), proceeding *pro se*, appeals from the order of the Berks County Court of Common Pleas (trial court) that granted Centre Township's (Township) Petition to Enjoin Violations (Injunction Petition) pursuant to the Township's Zoning Ordinance of 2004, as amended in 2006 (Ordinance), and ordered Landowner to cease operation of a junkyard and to remove all junk from his property. Landowner contends that the trial court erred by granting the Injunction Petition on the basis that his junkyard use is a permitted use under the Ordinance as a preexisting nonconforming use, a permitted use by right, and/or an accessory use and that the trial court judge abused his discretion by not recusing based on potential bias and conflict of interest. Also before this Court is

Landowner's Petition to Dismiss[1] and the Township's Answer thereto. For the reasons that follow, we affirm the order of the trial court, and we grant in part and deny in part the relief requested in Landowner's Petition to Dismiss.

## I. Background

Landowner is the owner of property located at 730 Trolley Road, Centre Township, Pennsylvania (Property), within the Township's Agricultural Preservation District. This dispute began in 2017 when the Township's Zoning Officer inspected Landowner's Property and determined it was being used as a junkyard in violation of the Ordinance, which does not permit junkyards in the Agricultural Preservation District.[2] Rather than issue a notice of violation, the Township and Landowner entered into an agreement wherein they agreed that Landowner would remove all items of junk from his Property within two years and the Township's Zoning Officer would not cite him for violations of the Ordinance during the transition. The parties agreed upon a schedule of removal by which

[1] The full title of the Petition to Dismiss is "Petition to Dismiss and Waive the Brief and Argument and Case of Appellee Centre Township And to Waive the Time Requirements for Filing the Appellant's Reply Brief AND Reply Brief of Appellant's Appeal From the Order of The Court of Common Pleas Honorable James M. Lillis, Judge Berks County, Pennsylvania Docket Number 20 13833."

[2] The Ordinance defines the term "Junk Yard" as:

> A lot, land, or structure, or parts thereof used for the collection, storage, dismantling, salvage or sale of unused and discarded materials including, but not limited to[,] waste paper, rags, scrap metal or other scrap, salvage, discarded material, vehicles or machinery. The deposit or storage of one or more unlicensed, wrecked or disabled vehicle(s) shall be deemed to be a "junkyard."

Reproduced Record (R.R.) at 84a. Because the applied pagination in the Reproduced Record is inconsistent, the page numbers referenced herein reflect electronic pagination for ease of reference.

2

Landowner agreed to remove junk from identified sections of his Property by assigned dates to promote compliance. Unfortunately, Landowner failed to adhere to the agreed-upon schedule.

On April 8, 2019, the Zoning Officer issued a Notice of Violation. R.R. at 232a-33a. Landowner appealed the Notice to the Township's Zoning Hearing Board (ZHB) pursuant to Section 909.1 of the Pennsylvania Municipalities Planning Code (MPC).[3] Following a hearing, and by decision dated February 13, 2020, the ZHB concluded that Landowner violated Section 400.2 of the Ordinance[4] by operating a junkyard on his Property and failed to meet his burden of proving a preexisting nonconforming use. R.R. at 234a-50a.

Landowner appealed the ZHB's decision to the trial court pursuant to Section 1002-A of the MPC.[5] On July 9, 2020, the trial court, presided over by the Honorable James M. Lillis (Judge Lillis), affirmed. *See In re: Appeal of Lehner* (C.P. Berks, No. 203267, filed July 9, 2020); R.R. at 253a-60a. Critical to our determination here, Landowner did not appeal this decision. R.R. at 7a.

On July 22, 2020, the Township filed the Injunction Petition[6] pursuant to Section 617 of the MPC, 53 P.S. §10617, seeking to enjoin violations of the

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10909.1.

[4] Section 400.2 of the Ordinance sets forth uses permitted by right in the Agricultural Preservation District. R.R. at 404a.

[5] Added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11002-A.

[6] On July 17, 2020, the Township, proceeding as the intervenor, initially attempted to file a petition to enjoin violations at the same docket as the zoning appeal. *See In re: Appeal of Lehner from the February 13, 2019 Decision of the Zoning Hearing Board of Centre Township* (C.P. Berks, No. 20-3267). The trial court dismissed the petition, without prejudice, and directed that **(Footnote continued on next page…)**

3

Ordinance as set forth in the April 8, 2019 Notice of Violation. Judge Lillis presided over three hearings held on August 20, 2020, September 15, 2020, and October 8, 2020.[7]

On September 11, 2020, Landowner filed a Motion to Recuse, wherein he requested Judge Lillis to recuse himself based on potential bias and conflict of interest because of his past role as the Township Solicitor. At the September 15, 2020 hearing, Judge Lillis considered the Motion and examined grounds for disqualification. Upon determining that he could hear the matter fairly and impartially, Judge Lillis denied the Motion to Recuse.

On December 3, 2020, the trial court entered an order granting the Injunction Petition. The order directed Landowner to cease operation of a junkyard on his Property and gave him 180 days to remove all junk from his Property, including but not limited to the removal of the inoperable, unregistered, uninspected, dismantled vehicles, equipment and parts. In the event of noncompliance, the order granted the Township permission to enter the Property, abate the violations, and place a lien upon Landowner's Property for the costs thereof. The order also awarded the Township reasonable attorney's fees incurred in the enforcement of the Ordinance violations. Trial Court Order, 12/3/20, at 1-2; R.R. at 432a-33a.

---

any such actions should be filed as a separate matter. The Township then filed the instant Injunction Petition as a separate matter. *See Centre Township v. Lehner* (C.P. Berks, No. 20-13833).

[7] Landowner was represented by counsel before the trial court.

Landowner's appeal to this Court followed.[8] At the trial court's direction, Landowner filed a statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b). In its Rule 1925(a) opinion, the trial court set forth the reasons for its decision.

In addition to the present appeal, on September 15, 2021, Landowner filed the Petition to Dismiss asking this Court to dismiss the Township's Brief on the basis that the attached Proof of Service certified a false date of service and to accept his Reply Brief, attached thereto, as timely filed. The Township timely responded by filing an Answer.[9]

## II. Issues

Distilled to its essence, Landowner contends that the trial court erred in granting the Injunction Petition because the use of his Property as a junkyard is a preexisting nonconforming use, which lawfully predated the Ordinance, as well as a use permitted by right and as an accessory use under the Ordinance. In addition, Landowner asserts that Judge Lillis abused his discretion and violated the canons of judicial conduct by not disqualifying himself from hearing the Injunction Petition based on potential bias and conflict of interest arising from his past role as the Township Solicitor.

---

[8] Our scope of review from the grant of a permanent injunction is to determine whether the trial court abused its discretion or committed an error of law. *Hempfield Township v. Hapchuk*, 620 A.2d 668, 670 (Pa. Cmwlth. 1993); *East Bradford Township v. Champaine*, 362 A.2d 1117, 1119 (Pa. Cmwlth. 1976).

[9] By order dated March 15, 2022, this Court listed Landowner's Petition to Dismiss and the Township's Answer for consideration with the merits of the appeal.

### III. Discussion
### A. Petition to Dismiss

As a preliminary matter, we first address Landowner's Petition to Dismiss. Landowner asks this Court to dismiss the Township's Brief on the basis that the Proof of Service attached thereto certified a false date of service and, as a result, it cannot be ascertained when Landowner was actually served with the Township's Brief. Landowner posits that the Township used August 7, 2021 as the date of service in an unethical attempt to delay or make Landowner's Reply Brief untimely. Landowner asks this Court to waive the time requirements for filing a reply brief and to accept his Reply Brief, which he attached to his Petition to Dismiss, as timely filed based on the Township's misrepresentation regarding service and the confusion caused thereby.

The Township acknowledges that the date listed on the Proof of Service is incorrect but defends that it is a typographical error. Notwithstanding, the Township maintains that Landowner was timely served with its Brief on August 19, 2021, concurrently with the filing in this Court, as supported by affidavits and mailing records, which the Township attached as exhibits to its Answer. The Township has no objection to the acceptance of Landowner's Reply Brief as timely filed, but otherwise asserts that this Court should not dismiss the Township's Brief based on a typographical error.

Rule 121 of the Pennsylvania Rules of Appellate Procedure provides:

> (b) *Copies of all papers filed* by any party and not required by these rules to be served by the prothonotary *shall, concurrently with their filing*, be served by a party or person acting on behalf of that party or person on all other parties to the matter. Service on a party represented by counsel shall be made on counsel.

\* \* \*

6

(d) Papers presented for filing shall contain an acknowledgement of service by the person served or *proof of service certified by the person who made service*. Acknowledgement or proof of service may appear on or be affixed to the papers filed. The clerk may permit papers to be filed without acknowledgement or proof of service but shall require such to be filed promptly thereafter.

Pa. R.A.P. 121(b), (d) (emphasis added).

Upon review, while the cover sheet for the Township's Brief indicates a prepared date of August 16, 2021, the attached Proof of Service certified that the Township served Landowner with its Brief by First-Class Mail on "this 7[th] day of August . . . ," which is clearly erroneous. *See* Appellee's Brief, Cover Page and Proof of Service. However, contrary to Landowner's claims that the Township used this date as an unethical attempt to delay or make Landowner's Reply Brief untimely, we conclude that the August 7th date is merely a typographical error. The Court's records confirm that the Township's Brief was timely filed in this Court on August 19, 2021, as indicated by the official time stamp on the cover of the Brief. The Township's sworn and notarized affidavits and mailing records indicate that Landowner was served with a copy of its Brief on August 19, 2021. Specifically, the affidavit of Matthew R. Fessler, an associate of the Township Solicitor who prepared the Township's Brief and Proof of Service, affirms that, on August 16, 2021, he prepared the Township's Brief; on August 19, 2021, he prepared the Proof of Service for filing, but inadvertently applied an incorrect date; and on August 19, 2021, he handed the Brief and Proof of Service to Cynthia A. Barto, paralegal to the Township Solicitor, to file and serve. Township's Answer, 9/15/21, Exhibit No. 2. The affidavit of Barto affirms that she filed the Township's Brief electronically on August 19, 2021, and mailed a copy of the same to Landowner on August 19, 2021. *Id.*, Exhibit No. 3. The Township's business records provide additional support that

7

two copies were served on Landowner on August 19, 2021, by mail. *Id.*, Exhibit No. 1. Landowner admits to receiving the Township's Brief. Given the Township's mistake and the confusion surrounding the Proof of Service, we shall accept Landowner's Reply Brief, filed on September 15, 2021, as timely filed. Because Landowner admits to service and was not prejudiced by the Township's mistake, we otherwise deny the Petition to Dismiss.

### B. Merits

Turning to the merits of the appeal, Landowner contends that the trial court erred in granting the Township's Injunction Petition. Landowner argues that the Ordinance does not prohibit and, in fact, permits the continued use of his Property as a junkyard as a preexisting nonconforming use, a permitted use by right, and an accessory use.

The Township filed its Injunction Petition pursuant to Section 617 of the MPC seeking not only to prevent use but to take action to remove the violation of the Ordinance. Section 617 of the MPC provides:

> In case any building, structure, landscaping or land *is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance* enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected *by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. . . . .*

53 P.S. §10617 (emphasis added). "[W]hat must be proven under Section 617 to support an injunctive order is the violation or proposed violation of some specific provision of the Ordinance." *East Bradford Township v. Champaine*, 362 A.2d 1117, 1120 (Pa. Cmwlth. 1976).

Landowner's arguments that his junkyard use is not in violation of the Ordinance were pertinent to the merits of his appeal of the April 8, 2019 Notice of Violation and amount to a collateral attack in this proceeding. The ZHB upheld the Notice of Violation upon concluding that Landowner's operation of the junkyard on his Property was prohibited under the Ordinance, and, on further appeal, the trial court affirmed. Unfortunately, Landowner did not appeal the trial court's July 9, 2020 order. R.R. at 7a. By failing to timely file an appeal, Landowner waived his right to challenge the violation determination, and the ZHB's decision became a conclusive determination of the Ordinance violation. *Borough of West Conshohocken v. Soppick*, 164 A.3d 555, 560 (Pa. Cmwlth. 2017) (failure to appeal a notice of violation makes the violation conclusive); *Lower Mount Bethel Township v. Gacki*, 150 A.3d 575, 580 (Pa. Cmwlth. 2016) (landowners' failure to appeal the violation notice resulted in a conclusive determination of their violation of the ordinance); *Koken v. Colonial Assurance Co.*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005), *aff'd*, 893 A.2d 98 (Pa. 2006) (a party waives the right to appeal an order if notice of the appeal is not filed within thirty (30) days after entry of the relevant order); *Borough of Latrobe v. Pohland*, 702 A.2d 1089, 1097 (Pa. Cmwlth. 1997) (failure to appeal zoning determination resulted in conclusive determination). Landowner is precluded from collaterally attacking this decision in the present appeal. *See Lamolinara v. Pennsylvania State Police*, 414 A.2d 1126, 1129 (Pa. Cmwlth. 1980), *aff'd*, 430 A.2d 1154 (Pa. 1981) (failure to take a timely appeal

9

precludes collateral attack on that same action). Because the zoning violation was conclusively determined, the trial court did not err in concluding that the Township met the standard for a permanent injunction. Trial Court Op., 6/16/21, at 9; R.R. at 10a.

### C. Motion to Recuse

Next, Landowner contends that Judge Lillis abused his discretion by denying Landowner's Motion to Recuse. Landowner contends that Judge Lillis should have recused himself from hearing the Injunction Petition based on potential bias and conflict of interest. Specifically, Landowner asserted that Judge Lillis should disqualify himself because he previously served as the Township Solicitor for several years, and likely played an active role in writing the Ordinance and defining the term "junkyard" at issue in this proceeding. Further, during a Township meeting in 2000, Judge Lillis, while acting as the Township Solicitor, addressed questions raised by Landowner and his brother regarding the effect of the Ordinance on behalf of the Township. Given this past relationship with the Township, Landowner believes that Judge Lillis "is still in the mindset of defending the municipality," and he was not able to impartially decide this matter.[10] Appellant's Brief at 42.

A "party seeking a judge's recusal bears the burden of producing evidence of bias, unfairness or prejudice." *Cellucci v. Laurel Homeowners*

_____

[10] Although Landowner attempts to raise additional claims of bias and conspiracy, these claims were not presented in conjunction with his Motion to Recuse, are not supported by any record evidence, and will not be considered here. *See Rodgers v. Pennsylvania State Police*, 759 A.2d 424, 431 (Pa. Cmwlth. 2000) (claim of bias on part of the hearing officer was waived because it was not raised before the hearing officer); *Stouffer v. Pennsylvania State Police*, 464 A.2d 595, 598 (Pa. Cmwlth. 1983) (issue of bias could not be reviewed on appeal since the issue was not raised below, where a record could have been made).

10

*Association*, 142 A.3d 1032, 1044 (Pa. Cmwlth. 2016). Canon 2 of the Pennsylvania Code of Judicial Conduct provides that a judge shall perform the duties of judicial office impartially, competently, and diligently. 207 Pa. Code 33, Canon 2. The grounds for disqualification include:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.
>
> (2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:
>
> (a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;
>
> (b) acting as a lawyer in the proceeding;
>
> (c) a person who has more than a *de minimis* interest that could be substantially affected by the proceeding; or
>
> (d) likely to be a material witness in the proceeding.
>
> (3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(4) The judge knows or learns that a party, a party's lawyer, or the law firm of a party's lawyer has made a direct or indirect contribution(s) to the judge's campaign in an amount that would raise a reasonable concern about the fairness or impartiality of the judge's consideration of a case involving the party, the party's lawyer, or the law firm of the party's lawyer. In doing so, the judge should consider the public perception regarding such contributions and their effect on the judge's ability to be fair and impartial. There shall be a rebuttable presumption that recusal or disqualification is not warranted when a contribution or reimbursement for transportation, lodging, hospitality or other expenses is equal to or less than the amount required to be reported as a gift on a judge's Statement of Financial Interest.

(5) The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The judge:

(a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy; or

(c) was a material witness concerning the matter.

(B) A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic

12

partner and minor children residing in the judge's household.

(C) A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

207 Pa. Code 33, Canon 2, Rule 2.11.

"[T]he Code of Judicial Conduct does not have the force of substantive law, but imposes standards of conduct upon the judiciary to be referred to by a judge in his self-assessment of whether he should volunteer to recuse from a matter pending before him." *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1298 (Pa. 1985) (emphasis omitted). The canons "set a norm of conduct for all our judges," but "do not impose substantive legal duties on them." *Id.*

Here, Judge Lillis carefully examined the foregoing grounds for disqualification at the September 15, 2020 hearing and determined that none of the grounds applied. R.R. at 300a. Judge Lillis acknowledged that he previously served as the Township Solicitor and, in that role, responded to questions presented by Landowner and his brother[11] at a 2000 Township meeting regarding the proposed zoning changes and the land preservation easement purchase program. R.R. at 299a. Judge Lillis stated that he did not have any recollection of the encounter, even after he reviewed the minutes, which were admitted into evidence. R.R. at 299a. Judge

---

[11] Landowner previously owned the property with his brother. R.R. at 314a.

13

Lillis relayed that he had attended "thousands of municipal meetings" in his 32 years as a trial and municipal attorney, "including meetings of school districts, zoning boards and municipal authorities through Berks County and other counties" and that it had been nearly 20 years since he had served as the Township Solicitor. Trial Court Op., 6/17/21, at 4-5; *accord* R.R. at 299a-300a. Based on his review of the minutes, Judge Lillis noted that he responded favorably to Landowner's and his brother's questions and advised them to attend future hearings and meetings regarding the proposed zoning changes and the land preservation easement purchase program. R.R. at 300a. Upon reflection, Judge Lillis expressed confidence that he could remain "fair and impartial" in deciding this matter and denied Landowner's Motion to Recuse. Trial Court Op., at 5; *accord* R.R. at 300a, 301a. Upon review, and absent evidence of bias, unfairness or prejudice, we conclude that Judge Lillis did not abuse his discretion or violate the canons of the Pennsylvania Code of Judicial Conduct by denying the Motion to Recuse.

## IV. Conclusion

Accordingly, we affirm the trial court's December 3, 2020 order granting the Township's Injunction Petition. We grant in part and deny in part the relief requested in Landowner's Petition to Dismiss.

_____
MICHAEL H. WOJCIK, Judge

President Judge Cohn Jubelirer did not participate in the decision of this case.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Centre Township | : | |
| | : | |
| v. | : | No. 1341 C.D. 2020 |
| | : | |
| Timothy Jason Lehner, | : | |
| | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 21st day of April, 2022, the December 3, 2020 order of the Berks County Court of Common Pleas is AFFIRMED.

Upon consideration of Appellant Timothy Jason Lehner's (Landowner) Petition to Dismiss,[1] the Petition is GRANTED IN PART to accept Landowner's Reply Brief, which he attached thereto, as timely filed, but the Petition is otherwise DENIED insofar as it requested the dismissal of Appellee Centre Township's Brief. We direct the Prothonotary to accept Landowner's Reply Brief and docket it as timely filed on September 15, 2021.

_____
MICHAEL H. WOJCIK, Judge

---

[1] The full title of the Petition to Dismiss is "Petition to Dismiss and Waive the Brief and Argument and Case of Appellee Centre Township And to Waive the Time Requirements for Filing the Appellant's Reply Brief AND Reply Brief of Appellant's Appeal From the Order of The Court of Common Pleas Honorable James M. Lillis, Judge Berks County, Pennsylvania Docket Number 20 13833."