IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Childfirst Services, Inc. and : 
Perk Inc., : 
                Appellants : 
                 : 
      v. : No. 1166 C.D. 2021
                 : 
South Heidelberg Township Zoning : 
Hearing Board and South Heidelberg : 
Township : Submitted: December 4, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: January 12, 2024

Appellants Childfirst Services, Inc. and Perk Inc. (individually Childfirst and Perk, and collectively Appellants) appeal from the Court of Common Pleas of Berks County's (Common Pleas) October 5, 2021 order, through which Common Pleas had affirmed Appellee South Heidelberg Township (Township) Zoning Hearing Board's (Board) December 7, 2020 decision (Decision). In that Decision, the Board sustained a notice of violation (NOV), which the Township had issued regarding a Childfirst-operated group home for children on a Perk-owned, R-1 residential-zoned property located at 448 Preston Road in the Township (Property), and denied Childfirst's requests for relief that would have legalized that use. We reverse.

## I. Background

> [Beginning in] approximately 1943, . . . the Property was operated as a residential care facility for the elderly known as "Danken House," a moniker which is [still] in . . . use. . . . [Perk purchased] the Property [in 1995] and

subsequently continued to operate Danken House as a personal care home for adults for approximately twenty years, until September 2015. During this period, Danken House cared for approximately twelve to fifteen elderly adults at a time[, and] was licensed by the . . . Department of Public Welfare[1] as a "Personal Care Home." The last personal care home resident of Danken House moved out on September 20, 2015.

Child[f]irst took possession of the Property pursuant to a lease on October 15, 2015. Water damage from a burst radiator [occurred] in March 2016, [which was then] followed by a lengthy remediation process[. This] led to the Property remaining vacant until the first youth residents were moved into Danken House around February 2020.

Common Pleas Op., 12/29/21, at 1.

On March 17, 2020, the Township's zoning and code enforcement officer (Zoning Officer) issued an NOV to Perk, in which he stated that Perk was being cited due to the impermissible use of the Property, including Dankin House, "as a multi-unit group home . . . for the confinement or commitment of troubled youth for ranging periods of time." Reproduced Record (R.R.) at 319a. The Zoning Officer further stated, in relevant part:

This change of use has been found to be an expansion of the current non-conforming use of the [P]roperty as a single-family dwelling with detached accessory structure(s) utilized for the care of a single individual. Please also note that the principal dwelling has sat vacant for a period of time in excess of [12] months. Due to this point, any past use of this building not conforming with the uses permitted by right in [the Property's] zoning district would be considered abandoned.

. . . .

---

[1] The Department of Public Welfare was renamed the Department of Human Services effective November 24, 2014. *See* Section 103 of the Human Services Code, Act of June 13, 1967, P.L. 31, added by the Act of Sept. 24, 2014, P.L. 2458, 62 P.S. § 103.

At no point have permits been applied for, or a Certificate of Occupancy [been] issued for any project(s) related to the use of the principal dwelling for anything other than a single-family dwelling.

*Id.*

Childfirst responded by appealing the NOV to the Board on April 3, 2020, challenging this citation on the bases that the group home for youths constituted the continuation of a preexisting, nonconforming use on the Property, as well as that barring this use would violate disability-related antidiscrimination provisions contained in the Americans With Disabilities Act of 1990 (ADA),[2] the Fair Housing Amendments Act of 1988 (FHAA),[3] and the Rehabilitation Act of 1973 (RA).[4] *Id.* at 47a-50a. In the alternative, Childfirst sought relief in the form of either a use variance; a special exception; or a determination that the Township was equitably estopped from barring the group home for youths, due to Childfirst's reasonable reliance on the Township's conduct and representations regarding the Property's usage. *Id.* at 50a-54a.[5]

The Board then held a series of hearings over the course of the ensuing six months, before formally denying Childfirst's requests for relief through the aforementioned Decision on December 7, 2020. Therein, the Board determined that the NOV was justified, because Childfirst's operation of a group home for youths on the Property did not constitute the continuation of a preexisting, nonconforming

---

[2] 42 U.S.C. §§ 12101-12213.

[3] 42 U.S.C. §§ 3601-3631.

[4] 29 U.S.C. §§ 701-796l.

[5] On June 28, 2020, one of the youths residing in Childfirst's group youth home started a fire, an act which ultimately resulted in the Township's code enforcement officer revoking Childfirst's occupancy certificate for the Property. Board Hearing Tr., 8/26/20, at 94-97.

use; however, in contrast to the NOV, which, as noted above, identified that use "as a single-family dwelling with detached accessory structure(s) utilized for the care of a single individual[,]" the Board stated that the Property had been previously used "as a personal care home, nearly exclusively for the elderly[.]" Decision, Discussion § III; R.R. at 319a; *see also* Decision, Findings of Fact ¶24 (Paul Leonardo, Perk's principal, testifying that the Property had been used as a personal care home that regularly housed 12-to-15 residents, most of whom were elderly, and had never been used as a single-family dwelling). In addition, the Board denied Childfirst's request for a use variance or a special exception; ruled that Childfirst was not entitled to relief via equitable estoppel; and found that Childfirst had failed to establish that it was entitled under federal law to an accommodation that would allow it to operate a group home for youths. Decision, Discussion §§ I-II, IV-VI.

Dissatisfied with this outcome, Childfirst appealed the Board's Decision to Common Pleas on January 5, 2021. Common Pleas took no additional evidence and, on October 5, 2021, affirmed the Decision, in full. This appeal to our Court followed shortly thereafter.

## II. Discussion

Childfirst challenges the Decision on several bases,[6] which we summarize as follows. First, the record does not support the Zoning Officer's determination that the Property had been previously used as the *situs* of a single-family dwelling, and the Board was without legal authority to sustain the NOV on a basis that was not

---

[6] As Common Pleas took no additional evidence in this instance, our standard of review is restricted to determining whether the Board committed an abuse of discretion or an error of law in this matter. *Penn St., L.P. v. E. Lampeter Twp. Zoning Hearing Bd.*, 84 A.3d 1114, 1119 n.4 (Pa. Cmwlth. 2014). "We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 640 (Pa. 1983). (citations omitted).

4

explicitly mentioned therein. Childfirst's Br. at 23-26. Second, the Board abused its discretion and erred as a matter of law when it concluded that Childfirst's group home for youths did not constitute a permissible, natural expansion of the preexisting, nonconforming use of the Property that was identified by the Board (*i.e.*, as a personal care home). *Id.* at 27-29. Third, the Board abused its discretion when it determined that the Township had established that Property's preexisting, nonconforming use had been abandoned. *Id.* at 29-33. Fourth, the Board abused its discretion and committed errors of law by declining to hold that the Township was equitably estopped from barring the group home for youths. *Id.* at 34-39. Finally, the Board improperly concluded that Childfirst was not entitled via the ADA, the FHAA, and/or the RA to a reasonable accommodation from the Township's Zoning Ordinance that would allow the group home for youths as a lawful use of the Property. *Id.* at 39-43.

We need only address the first argument to dispose of this appeal. In instances where a municipality alleges that its zoning ordinance has been violated, it must send an NOV to the property owner. 53 P.S. § 10616.1(a).[7] At minimum, the NOV must contain the following information:

> (1) The name of the owner of record and any other person against whom the municipality intends to take action.
>
> (2) The location of the property in violation.
>
> (3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the [zoning] ordinance.
>
> (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

---

[7] Section 616.1(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329.

5

(5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the [zoning] ordinance.

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

*Id.* § 10616.1(c). "Once a landowner has been given notice of a zoning violation pursuant to Section 616.1, that landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board[.]" *City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth. 1996). It follows from this, then, that when considering such an appeal, a zoning hearing board may sustain the underlying NOV only in the event it concludes that the specific violations alleged therein are valid. *See Baird v. Zoning Bd. of Adjustment of Slippery Rock Borough*, 340 A.2d 904, 907 (Pa. Cmwlth. 1975) ("[D]ue process of law requires that the [municipality] notify a citizen of what portion of the zoning ordinance he is being accused of violating.").

In this instance, the NOV was predicated upon three interrelated determinations by the Township's Zoning Officer. First, the preexisting, nonconforming use of the Property was "as a single-family dwelling with detached accessory structure(s) utilized for the care of a single individual." R.R. at 319a. Second, the use of the Property as a group home for youths did not constitute a lawful expansion of this preexisting, nonconforming use. *Id.* Third, the Property's nonconforming use as a single-family dwelling had been abandoned because "the principal dwelling . . . sat vacant for a period of time in excess of [12] months." *Id.*

Despite this, the Board sustained the NOV on three entirely different bases. First, the Property's preexisting, nonconforming use was "a personal care home, nearly exclusively for the elderly[.]" Decision, Discussion § III. Second, "the use of

6

the Property as a group home for children is not an extension or continuation of the use of the Property as a personal care home[.]" *Id.* Third, the Property's use as a personal care home had been abandoned. *Id.* None of the Board's conclusions actually address the merits of the NOV, the substance of which unquestionably reflects the Zoning Officer's belief that the Property had previously been used in a lawful, albeit nonconforming, manner as a single-family residence; instead, what these conclusions suggest is that the Board did not agree with the Zoning Officer's position regarding how the Property had been used in the past. In order to maintain logical consistency, then, the Board should have granted Childfirst's appeal on the basis that the Zoning Officer's determinations regarding the Property's prior use were not supported by the evidentiary record. The Board therefore committed reversible error by both failing to do so and, instead, sustaining the NOV based upon reasons other than those that had been given by the Zoning Officer.

### III. Conclusion

In accordance with the foregoing, we reverse Common Pleas' October 5, 2021 order.[8]

_____
ELLEN CEISLER, Judge

Judges Dumas and Wallace did not participate in the decision of this case.

---

[8] As we have resolved this matter in Childfirst's favor, we elect not to address the merits of its remaining arguments. We, however, stress that our decision today should not necessarily be construed as preventing the Township from issuing additional NOVs to Childfirst in the future regarding its use of the Property, should the Township conclude that such action is justified and pursues enforcement in a properly reasoned and logically consistent manner.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Childfirst Services, Inc. and     :
Perk Inc.,     :
          Appellants     :
     :
     v.     :  No. 1166 C.D. 2021
     :
South Heidelberg Township Zoning  :
Hearing Board and South Heidelberg  :
Township     :

# **O R D E R**

AND NOW, this 12th day of January, 2024, it is hereby ORDERED that the Court of Common Pleas of Berks County's October 5, 2021 order is REVERSED.

_____
ELLEN CEISLER, Judge